```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

TERRA WILLIAMS, etc.,            )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No.  12 C 9613
                                 )
MATTHEW GENA, et al.,            )
                                 )
            Defendants.          )

                        MEMORANDUM ORDER

This action that charges various Cook County Sheriff's officers with violations of 42 U.S.C. §1983 ("Section 1983")and related breaches of state law has been met with an Answer to the Amended Complaint ("AC") brought by Terra Williams ("Williams") both individually and as next friend of her minor daughter A'Niyah Lewis. This Court is of course accustomed (though not really reconciled) to the standard responses by lawyers in public law offices (those of the Cook County State's Attorney, the Illinois Attorney General and the Chicago Corporation Counsel) that consistently parrot repeated denials of all allegations in Section 1983 lawsuits, as though none of their officer clients have ever infringed such rights--responses that often reflect heedlessness to what is required of counsel by Fed. R. Civ. P. ("Rule") 11(b).

This Court does not of course suggest that it possesses information to confirm the impropriety of any of the repeated denials contained in the current Answer. But on occasion

something said in a complaint can raise a red flag in that respect. Here at least one allegation in the AC would appear to be subject to objective verification or refutation, thus calling for a hard look at many of defendants' denials.

AC ¶19 alleges that "the navicular bone in Plaintiff Williams' wrist was broken," after which AC ¶21 alleges:

> Plaintiff Williams was not arrested, and went to Metro South Hospital after the officers left to receive treatment for herself and her daughter.

And Answer ¶11 admits that numerous Sheriff's officers broke through the front door and entered plaintiff Williams' home.

Is defense counsel asserting that plaintiff Williams did not suffer a broken wrist and go to the hospital (a matter readily ascertained through brief inquiry)? Or is counsel perhaps asserting that if that happened, the injury was self-inflicted?

This would seem to present a prime example of why Rule 11(b)(4) requires that every attorney representing a responding party:

> certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> \*     \*     \*
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

This Court will await defense counsel's response with interest.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 5, 2013